So our last case on calendar is Nolen v. PeopleConnect, 24-3894. Each side will have 20 minutes. Good morning, Your Honors, and may it please the Court. Ian Gershengorn on behalf of the defendant PeopleConnect. I'd like to reserve four minutes for rebuttal. The class certification here must be reversed for at least three principal reasons. First, the district court wrongly held that PeopleConnect uses a name for purposes of advertising merely because that name is searchable in the classmates.com database. Sotomayor, why isn't that a merits issue? Gershengorn It's not a merits issue, Your Honor, for two straight reasons. First, in Vann, this Court set out the standard, and the standard is, did it — did the district court address it in the certification order, and is it relevant and proper to address it in the context of class certification? And both of those are met here. So with respect to the — Ginsburg Well, you did address it, but the question really is, it certainly is Nolen's theory that what you stated is not the case, and they may lose on that. But why are we looking at their theory of the case to decide whether the class was correct? Gershengorn Because — for two reasons, Your Honor. First, because the district court actually addressed it in the class certification   Sotomayor, why does that matter? Gershengorn Because that's what this Court said the test is in Vann. The district court addressed it. And second, because it is central to class certification. In the event that it is not the — it is not searchable, no one has yet contended, and certainly the district court did not find, that the class could go forward, and indeed it could not. The individualized questions into whether somebody had searched would overwhelm the — would overwhelm and defeat any superiority or predominance requirements. Kagan Sorry. I think you just jumped from searchable to searched. Are we talking about searchable or searched? Gershengorn So the question is, in order to — the question is, under the statute, is it enough that you be in the database and thus searchable, or instead, in order to state a claim under the 3344, do you have to be searched? That is the question. Ginsburg I thought that the district court said that you had dropped that theory. Gershengorn So, Your Honor, the district — I'd like to make a couple of points on that, because it's different than the is it here. So the first question is, is it merits? I think the answer on that is, no, it's not. But the Supreme Court has said, and what this Court has said, is sometimes merits is relevant when it is — when it goes to whether a class can be certified. So that's the first question. The second question is, did the Court say, and was it correct in saying, that we had waived that? And I think any fair reading of the record is the answer to that is no. So — but I'd like to — so I'd like to address it directly as to where we — what happened, and then say why I don't think it should matter that the district court said that. So you'll notice that the district court said that, but cited to nothing in the record. I'd like to cite the Court to the two places in the record where this was relevant. So the first is ER-515, where counsel said, our opposition is not based on the argument we're preserving it, that you have to be searched. So in other — not only did it — was it not waived, it was literally preserved. Your argument about what? About the class? About whether this distinction, whether you have to have actually been searched or whether it's enough that you're on the database. I'm sorry. Well, go ahead. I thought that we're preserving it meant we're preserving it for the merits, but not with regard to the class. So, Your Honor, I don't think that's a reasonable reading of the — of that. And I — you know, the same thing, Your Honor, happened later at 499 of the record, where it says, I want to be clear, Your Honor, our opposition assumes that the standard is something, whether it's searchable, as opposed to whether it had been searched. Remember, the district court had already rejected it, so it would be quite nervy, I think, for district court counsel to say, Your Honor, we're here to re-argue because it's central to class certification, the thing you've just rejected. But even if Your Honor disagrees with that, right, the district court addressed it not once, but twice. So on page 5 — excuse me, 5 of his ruling at ER-15, the district court said, I adhere — after laying out the use argument, which is what we're talking about, whether you have to actually have used it for purposes of advertising, he said, I adhere to my prior ruling, right? So he said that. Then at page 17 of his class certification opinion, again, after saying, just as Your Honor said, you look like you've abandoned it, but I address it in all of its glory, and then addressed it in the next two pages. So the district court had a pure legal question that is central to — Do you tell me where in Vann it says that if the district court addresses it, that's — Yes. Vann says — I don't know where. Yeah. Can I quote you the language, Your Honor? It says, Vann can — Vann says the court can review, quote, issues that form part of the district court's class certification decision, close quote, and, quote, anything that properly enters the decision whether to certify a class. So those are the — I don't want to deal directly with whether the question — It says anything that forms part of the district court's class certification decision. But it doesn't say if the district court inappropriately looked at the merits, that doesn't matter. So, Your Honor, I — the reason why I don't think the district court is — certainly. Like, we're not contesting that the merits — But I just want to know what Vann said. Vann does not directly address what you just said. I think, actually, the thing I said does address it, Your Honor. But even if not, I think the rule for the court is — and this is dating to the Supreme Court in Wal-Mart. So, like, whether Vann — I do think Vann said it, but whether it did or didn't, the Supreme Court has said it in Wal-Mart, which is that if — that oftentimes the district court has to — the court of appeals and the district court have to address merits decisions that are central to — That's a different point. That's a different point. What you said is if the district court addressed it, then we have to take it into account. No, Your Honor, I — so I think what — Now, here's what you're saying. So, Your Honor, I think what this Court has said is that it forms part of the district court's class certification decision. I think that's what I said, and I think that's right. It's not that it shows up in his order. It's that it forms part of the class certification decision. And that is exactly what the district court did here. And, of course, it has to be that. It's safe to say because it's an abuse of discretion standard if he took this into account, and he — even if he shouldn't — and he shouldn't have, that would be an abuse of discretion right there. I'm sorry, Your Honor. I think — so it's — I'm not sure I understood Your Honor's question. The question about whether it's abuse of discretion — I'm sorry. That would be why it matters if the district court relied on it wrongly. So I — I don't think that's right, Your Honor. I think that the question — the legal question about whether or not you had to have actually been searched versus searchable is — was essential to — and the district court viewed it as — essential is too strong — was relevant to the class certification decision, right? Therefore, under 23F, that comes up because it was in the order, and therefore becomes part of the — the — the issues before the Court that are reviewed de novo. That's a statutory question. And, of course, it's critical. I don't think — I mean, just — I'm sorry. What's the statutory question? The question of whether under 3344 it is enough to have been on the database and searchable, or whether you actually have to have been searched. That's a pure question of law. So why don't you go to the merits of that question?  So thank you, Your Honor. The — so I'd like to make four points on that, if I could. First, the text of the statute is clear. It talks about whether something — I'm sorry. Can I — can I interrupt you before? There's, like, an intermediate thing between whether we reach it and — and whether it — what the answer is on the merits, because I'm still trying to understand why it matters to whether the class can be certified. Sure. Because if you're right that they have to have been searched, and you're right that there is no record of whether anyone was searched, then the whole class just loses. But there's still a class. So I don't think that's correct, Your Honor. I think the — it is not the case that the class loses. It's that the class can't be certified. If they were up here saying, look, we lose if we lose this legal question, that would be a different case. They, of course, can't say that because, among other things, they would be throwing under the bus the people in the class who have claims to have been searched. That would raise all sorts of adequacy, typicality, conflict questions. They cannot come up here, Your Honor, and say, if we lose this question, we lose. What they could say, and what we think is true, is if we lose this question, the class cannot be certified. And that's exactly why it's a question that is not about the merits, why it's not a pure merits question, why it goes to the heart of class certification. But that suggests that the few people who have some friend who said, I searched you, are actually going to sue on their own, and so there's some risk that they're losing their chance to bring a whole suit for that. So, Your Honor, just to be clear, this is what Plaintiff herself alleges, that she has been searched at paragraph 150. So, like, you know, whether — and what is before the Court, like, they have not yet made the case that, you know, there could be a searched class action, but that would be open to them on remand. We think it's quite dubious that they'd be able to do so. But it's precisely why — I mean, that seems individualized, though, right? So that's why — it seems like someone who's going to come in and say, I know I was searched because my friend told me, that seems very individualized. That would have to be brought in an individual suit. But — so it seems like instead we've got a class trying to bring this claim. And if they actually turn out to need to have been searched, I think they're going to lose. And if they just need to have been searchable, then we have other issues about whether they're going to win, but they're not on this problem. Well, but, Your Honor, I think the other issues they're going to win that Your Honor said is exactly that you can't certify class. That's why — Well, why? Well, not — but this isn't the hurdle. I mean, you might have some other argument. But if all you have to be is searchable, what's the problem with certifying the class? No, Your Honor. There's no — well, we have lots of other reasons that I can circle those. That's my other issue, but on this point — But not this one. But the reason why this goes to predominance is precisely because if we are right on that, then it's not that they lose. It's that the class can't be certified. And I just want to be clear — But that's what you're — you keep saying that. But the question is, why not? Well, I would say it can't be certified on this record because they haven't made any claim. I just want to make clear, like — I don't — I do want to get to some of the other issues. I'm sorry. I didn't understand that answer at all. Yeah. Let me answer. So I want to answer it this way, Your Honor. I want to be clear that a searched class action against databases like this has been — has been certified in other cases against other defendants. And here, they made no effort below to make the case. So it would be open to them to argue — we think they would lose — but to argue that you could bring a searched class action. So, you know, for example — Okay, but they're not — they're not arguing that. They're arguing — their underlying legal theory is that the statute would recognize a cause of action on behalf of people whose photos are in this database and could be  And you say that's not true. That's wrong about the statute. Correct. But that is their legal theory. That's their merits argument. It is their merits argument, but yes, Your Honor. The question is — and their class conforms to that merits argument. Yes, Your Honor. All right. So what is wrong with it with regard to the class action standards? Because if they lose — Excuse me. Let me just finish. Why doesn't that issue predominate? Now, they may lose, but it seems like an issue that cuts across the class as to both searched and non-searched people. So, Your Honor, I — the reason is because if the — if they lose that, the answer is not that they lose and the case goes away. It is that the — that the issue of whether or not you're searched predominates over everything else. So I get — I get that I'm not persuading the Court on this. I think I'm right, but I don't want to lose — time is moving, and I don't want to lose track of the other issues. But — so I strongly think that the Supreme Court has said merits is sometimes relevant. The district court recognized that it's relevant, which is why he twice addressed it in the class certification order. Everybody understood that if they lose this issue, it's not that the case loses. It's not a merits issue in that sense. It's that the class cannot be certified. But I don't want to lose sight of the other issues. And so let me pivot to the Vann issues, if I could, which is that the district court had — having recognized that there are members of the class who are not — who would have — would not have meritorious claims, didn't come up with a workable plan to winnow out those claims, including, for example, people who are not readily identifiable from their names and for people who have consented. Now, in this Court, what the plaintiffs have said is, look, we'll just have affidavits. Well, I mean, just to be clear about a couple of things. First of all, the district court adopted no plan. He said what there would be is, at a later prove-up stage, we could — we may have who knows what. It just said we'll have at a later prove-up stage. But why isn't this problem essentially a question of damages allocation? I'm sorry. May I finish? Yes, please. And we know that there is lots of case law in this circuit and elsewhere that you can have a predominance on the liability issue before — and without regard to whether the damages may be more discreet. And here, they would be a little discreet. They wouldn't be that discreet. But they wouldn't have to be individualized one by one. You'd just have to find out. But leaving that aside, why isn't this just a damages problem? Because the issues we're identifying, Your Honor, go to liability, not damages. The question of whether you are readily identifiable and the question of whether you have consented are elements of the offense. They are not damages issues. And that was why the district court precisely was wrong in footnote 12 when he said, oh, this is akin to liability and damages. He noticed he said akin to because, of course, it is not the same as liability and damages. The issues we are talking about, whether you are readily identifiable and whether you have consented, those are elements of the claim that you have to prove to establish liability. So I think what we are in is a situation in which plaintiffs are proposing, without any detail — The consent, yes, because it's part of the definition of the class. The whether you're identifiable seems to be a question of whether you're injured, which is the trigger for the damages, right? So, Your Honor, I think actually under 3344 as a technical matter, injury is actually an element of the claim. But even apart from that, separate from injury, readily identifiable is actually what you have to show that your right of publicity is that it's you. That's not a question of damages. That's a question of in order to establish liability. That's what Abdul-Jabbar is all about, right? You have to establish that Kareem Abdul-Jabbar and Lew Alcindor are the same person. That's the claim. That's not an element of damages. So that, I think, just isn't correct under California law. And so I think what the district court — Well, you started to say that it wasn't enough for them to provide an affidavit or a sworn statement, that that was not enough. Why was that not? Okay. So I'd like to address that. So affidavits, of course, are often a part of class practice. And I guess what I'd like to distinguish is say something about the legal framework and then talk about it in this particular case. So damages — affidavits have been, as this Court said in Briseño, you know, part of a case in situations in which, for example, the testimony is largely unrebutted and is not going to be rebutted, or and or, when the total liability is fixed and you're basically just allocating people — figuring out which plaintiffs get the money, but the damages are fixed for the total. So there's no Seventh Amendment right. What Asikal says, right, from Judge Kayada's opinion in the First Circuit, is, yes, that's correct, but it's different when the elements of the claim are going to be contested. Then you can't rely on an affidavit. Just like at summary judgment, you can, because it's not — it may not be contested. But at trial, of course, you can't rely on an affidavit. That — that would violate our Seventh Amendment rights. The other — But, I mean, for example, with regard to the consent issue, which basically turns on whether or not these people were registered, you know, you must have records about who was registered. It shouldn't be all that difficult if they say, I was registered, for you to run that person through the — your records of who was registered and say they were Aurora. So, Your Honor, I think what the record shows is actually that it's much more complicated. And let me say why, and then I'd like to get back to Judge Mendoza's question, if I might. Like, the reason why it's more complicated is that people who register — and this is in the record. The numbers are sealed, so I can't say them, but they're in the briefs and you've seen them — is that a substantial number of people claim to be part of a class, but then the names they use don't match up with the class. The reason for that is because —  So then you say, well — and I do think this is part of Judge Mendoza's question. I mean, they have an affidavit saying, I — I consented. I — I didn't register. And you look through it, and it's the opposite problem, actually, because we're looking for the people who did register, not the people who did register. So, Your Honor, these are people who have claimed — have registered and claimed to be part of the class. But when we look at the name they assigned to our site, it says — Wait a minute. I thought if they registered, they consented, and then they're out of the class. Correct, Your Honor. So it's not the people who did register. It's the people who didn't register who are in the class. Well, we need to figure out, Your Honor, who registered and thus consented and thus is out of the class. Right. That's the whole point. So those people aren't going to be sending you affidavits. It's the people who didn't register. No, Your — so, Your Honor, it's the people who are sending us affidavits that say they didn't register, and then we need to check those and see whether, in fact, they registered.  And that's the thing that's very hard to do. And what you — and that's the thing that we would contest. And so if I go back to Judge Mendoza's question, the — unlike Briseño, in Assecal, when there's a disputed affidavit, in other words, when we say, yes, you've claimed you're — you've never registered, but we think you might, we have a Seventh Amendment due process right in order to — in order to contest that affidavit. That then gives us a right at trial, and, second, unlike Briseño, every person who has liability who we — who we, sir, pick off, reduces our liability significantly. So our due process rights are implicated in a way that they are not under Briseño. And I'd like to make three quick — Why couldn't that happen in a damages phase just later, though?  Exactly. So, Your Honor, the difference is — It doesn't have a meaning where you get to contest it before the jury or the judge. So, Your Honor, we have a right, I think, under the Seventh Amendment, to contest it before a judgment is entered. There's no judgment that can be entered. Right, right. That's what I'm saying. That's what I'm saying. So you have your class, and you have your liability questions, and then this question about exactly how much damage is because exactly how big the class is gets litigated. No, Your Honor, because the — the question is, in each case, did the thing that I need to say for my rebuttal, that the thing that implicates our damages is the question about whether you're readily identifiable and whether you are — whether you have consented. And those are elements of the claim that can't be done by affidavit alone, that we have a right to resolve before judgment is entered on damages — before judgment is entered on liability, before judgment is entered on liability. Why? Why can't it just say this class is right that they have a violation? And then in some second phase, you determine the size of the class. So, Your Honor, I think that is exactly what Asikal — like, at that point, we have a direct split with Asikal, right? I think the Seventh Amendment and our right to know, like, to have a jury decide before judgment is entered whether there is — Well, put another way, the class is people who are — have — are readily identifiable and have not consented. Correct. That class, let's assume, we say, wins, all right? The class is defined. All right. So it is a damages question. Now the question is, who is going to get the money? And the question is, the people who are going to get the money, are there people who can prove that they have those criteria and were injured, and they'll get the $750? But it's completely artificial to say that for some reason you have to know before the judgment and half of the class as defined that X and Y and Z are going to get the money. So, Your Honor, two points. One, I don't think, like, that's arbitrary. I think actually that's what the — I think in order to enter judgment against us, we have to know who we would be liable to. I guess my question is — Who's bound by that judgment? You're liable to the class. That's who you're liable to. You're liable to the class as defined. Well, but we don't know who is in and not. We don't know, for example, who would be bound by such a judgment. But — Sorry, my question, though, is, you keep saying it has to happen before the judgment, but I just don't understand why the litigation can't have phases, so it would happen before the judgment. Well, it wouldn't happen before the liability judgment. Like, that's the whole — that's exactly what we're — Right, there would be a liability definition legally, and then the second phase is how many people have it and how many — and that — how much money is it there for? Well, but it's sort of who's in, who's out. But can I just, like, make one final point on this? Like, all of this discussion that we're having, of course, is nowhere in the record, right? In other words, the idea that this winnowing plan — like, you and I and plaintiff's counsel can have this discussion here. None of it is in the record, right? The district court just said, we'll have a later prove-up plan. But under Vann and — Isn't that saying exactly what we've been saying? Later on, you'll figure out — No, Your Honor, the difference is — And he did suggest — I mean, he said you can have affidavits and that there are records and that there will be a way to test the affidavits against the records, and we'll do it at the appropriate time, which isn't now. So, Your Honor, I think you've added, like, some things that even he didn't say. But I don't think there's anything in the record about, like, the who, what they would say, when they would say it. And if I could just, like, explain, you know — so, for example, for readily identifiable, what exactly would the affidavits say? Like, yes, I'm identified by that — by that — by that name. That's the very thing we get to contest. And so, like, you can't just say — Well, they can — they can say, I typed in my name, my name is in there, I'm a member of this class. Right. But, Your Honor, the question before the — the question that would be litigated and it would be affidavits on is, am I readily identifiable from my name, which would come up if I were searched? And that's the question that, under Abdul-Jabbar and others, we would be fighting about. And that's the thing that would overwhelm the class. I mean, there would be a very easy way — the affidavit, I suppose, the requirement could be that they have to actually do the search and find out. So, Your Honor, doing the search and finding out — I just want to be crystal clear here — doing the search and finding out just brings up, perhaps, as the record shows, pairs of the exact same name. The question isn't — Right, right. But the affidavit would have to say, I searched my name and I saw my picture and I know it's me. And if they can't say all those things, then they don't win. But if — it's the, I know it's me, Your Honor, is not the test under the statute. When Kareem Abdul-Jabbar said, I know Lou Alcindor is me, the Court didn't say, therefore you win. The Court said, that's not the question. The question is, would the public understand that Lou Alcindor and Kareem Abdul-Jabbar are the same person? It is not something that the individual searched can identify in an affidavit. My understanding here is that the — maybe I have it wrong — but that the readily identifiable question and the search question are intertwined. And if you can search in the way that Judge Friedland has suggested and come up with this person, now you're going to have an argument about whether that person is that person? Is that what you're saying? That's exactly what the record shows. That's exactly what the district court said, Your Honor. What the district court said was, the court acknowledges that there may be occasions in which people share the same name, this is at ER 35, or have similar names, and therefore individualized inquiries may be necessary. The record shows — But that's not the point. As Judge Friedland described, the affidavit has to say, and this seems right, you know, I searched and there was a picture, and that is a picture of me. So, Your Honor, first of all, photos are not sort of what are at issue here. These are names. The plaintiffs dropped their photos class, so we're talking about names. But even taking Your Honor's point, our point is whether somebody is readily identifiable, this is a right of publicity. It's not a question of whether you could identify yourself. It's whether the relevant audience could represent. And that's exactly the same search, right? The relevant audience would do the same search, and what the record shows is it would come up with two John Smiths. And so the question is, would you know from that that this John Smith, who's the plaintiff, is one of those — I don't really understand what you mean they dropped the photo. I mean, ultimately, what you get through the search is a photo. No, ultimately — Sorry, Your Honor. At some point in the history of the world, 15 years ago or whenever this thing started, I've looked at this thing. You know, what you end up with is the yearbook with the picture. And that's what people are interested in. The name is how you get there, but it's not what you're looking for. So I just want to be clear what's happened here, Your Honor. The initial class proposal was about the identifiability of photos. After it became clear that the photos were small and blurry at the relevant time, they changed the class definition. They dropped photos. The current class — I thought they weren't small and blurry at the relevant time, because the relevant time is when the ads come up. When the ads come up, Your Honor, they are small and blurry because you get a whole picture. And just to be clear as to what's happened, that is why, if Your Honor looks at the current class definition, it is — yields at least — it talks about for whom a search of their name yields at least one record. So it's not talking about photos, which was the original class definition that they proposed, and they dropped, all right, throughout — through the process. So the case is not about identifiability of photos. But even if it were, we're talking about blurry photos where the question of readily identifiable actually goes to the core of the question. It is not something — Just to be clear, I thought that when you come in as a visitor for free, you get these blurry photos, but you don't get an ad trying to sell you the premium membership. It's only — Sorry. Is that wrong? That's — well, it's wrong for the free members, right? There are no — Right. It's wrong — it's right for the visitors, right? I think for the visitors — The free members, I thought, get the actual photos, and they get the ads. So, Your Honor, I think, actually, that's not right. I think for visitors, it's very unusual. They don't get the ads with the pictures. What you're thinking of is the free membership. When you are a free member and you do a search, what comes up is the blurry photo. When you then click on that, what comes up is the, quote, unquote, upsell or whatever Your Honor wants to describe it as, the premium subscription. So I don't think, like, as a factual matter, and the briefs lay this out, you know — So the free member only gets the ad when they get an actual photo? No, when they get a blurry photo, Your Honor. When they click — the blurry photo — the blurry photo is attached to the ad. But they can't, at that point, go directly to the picture. Sure. After — but then there's no ad shown. But, like, again, the question — we're not fighting here. We're not asking this Court to decide, like, the exact ad sequence. The question is, are you — I think I need to cut you off. We're way over your time. I'm sorry. Your Honor, you've been very generous.  Let's give you three minutes of rebuttal later. I appreciate that, Your Honor. Let's hear from the other side. I appreciate that. Thank you. Good morning, Your Honors. Benjamin Osborne on behalf of the class. May it please the Court. First, I'd like to begin by asking whether Your Honors still wish me to address the question concerning LabCorp v. Davis that I received an email about. Is that still relevant? It may be. But let's go to the rest of the argument first, okay? Great. Thank you. The LabCorp argument, I don't know whether you read it, but it sounded like the case may not be going anywhere, so — Which is essentially what I was going to say. Right. Then I'd like to start by talking about the standard of review that applies here. And then I'll move to the substantive arguments, starting with predominance and what was shown to be common and is admitted to be common, and then moving on to the that opposing counsel argues are not shared in common. So let's start with the standard of review here. This is a 23F appeal. It means the standard is for abuse of discretion. Further, Ninth Circuit case law indicates that the standard is even more deferential here in the case of a class certification grant than it would be in the case of a denial. That's from Abdullah v. U.S. Security Associates. And here, PeopleConnect is not arguing that the district court applied an incorrect factor. It must, therefore, be arguing that the district court made a clear error of judgment in applying the relevant factors, so to find in their favor, that's what you'd have to find, that they made a clear error of judgment. It's a very high bar to surmount. And they haven't surmounted it here. So let's proceed to discussing predominance. And I want to start with what opposing counsel didn't address, which is all the issues that are in common, right, because the predominance inquiry starts — is not just about focusing on what's not shared in common, but weighing what's in common against what's not. Here, everyone agrees that the central issue is shared in common. That's whether PeopleConnect's use of class members' names and photographs without their consent is a commercial use in violation of California statute section 3344. Also, all of the — Sotomayor, is he correct that the photographs are irrelevant at this point? The photographs are not part of the class definition, I agree. The people who are searched are identifiable by a combination of their name, the school, and the year they went to that school. But what happens when you're identified and you search is you get the photograph. You do get a photograph, that's correct. But you also get, as you can see in the briefing, and again, I can't show it because it's a redacted portion, we have a search result in our briefing. Right. And that search result, you'll see it has the name, first and last name. I'm not going to say that woman's name because I'm not allowed to. It has the school she attended, the name of the school, and the year in which she attended it. And it's those three things, if you look at the district court opinion, Judge Chen correctly said a person is usually identifiable by the combination of those things. And that's the — So, but I — maybe I had misunderstood this, because I actually thought — I mean, within that, there could be people who are both named John Smith, two people John Smith at the same school in the same year. And I had thought the way we were going to tell them apart was whether there's a picture that you can tell and that they could have an affidavit that said that. But maybe I'm wrong. Maybe we can't look at the picture. What do we do if there's two John Smiths? Well, first, I'll say individualized issues have to be substantiated, right? So if you look at the district court's language when he was addressing that issue, he says it's conceivable that there would be two names that refer to the same person. Why did he say that? Because opposing counsel, whose burden it was to substantiate the issue, failed to identify a single case of that actually happening. But it seems pretty — I mean, I think it's probably pretty obvious that there are going to be some of those. In these huge public schools, there are going to be some people with the same name. We have days where our cases before us are all the same name. I mean, it happens that there are people with the same name. It's possible. It's possible there's John Smiths or multiple Garcias. Common names exist, absolutely. In those cases, they could look at the photograph. The reason we didn't include the photograph in the definition is that not all the photographs are centered in on the person's face. Most of them are. But sometimes you'll get a photograph that shows that they're a member of the band, something like that. I thought if they're a member of the band, they're specifically excluded from the statute. Yes. If that photograph — if the only photograph that exists is one of them being in the band, that wouldn't implicate their likeness, but that doesn't exclude them from the statute. The statute covers something broader than just likeness. But the statute says if you're part of a group, it doesn't count. That is true, but my — I mean, we're now getting into a somewhat down-the-levels argument, but my position on that would be we're not relying on the photograph alone, right? If it were a list of 500 names, right, that might be analogous to a picture of everyone in a band. But here, look at the search results. That individual's name is highlighted. That individual's year is highlighted. That individual's school is highlighted, right? So even if the photograph adjacent to it has five people in it, only that person's name, only the year of their — that they attended the school, and only that school name will appear in the written search results. That's what identifies that unique identity and separates them out from a crowd. You're right, Your Honor. If it were just a photograph with a large number of people, the statute wouldn't be implicated, but here it is. All right. So go ahead. But it seems like one issue that's quite central here, and then I'd like to hear what you have to say about it, is that Judge Chin did, in his order, discuss the merits and to some degree rely on it. Does that mean that we have to do that, too? No, it does not, Your Honor. There are several points to make on this issue, some of which Your Honor is — Because if it's so, then we end up reviewing this motion to dismiss on 23F, which seems like something we oughtn't to be doing. Correct. It is a merits issue. And even if the judge refers to his earlier ruling, it wasn't a central underpinning of his ruling on the class certification motion. But he did start there for whatever reason. Well, perhaps more fundamentally, opposing counsel didn't raise this issue as a reason to deny class certification. So we all might have different views on this. I disagree. I think they preserved it. So can you go to how you can win, even if this is preserved, instead of just relying on the waiver? I'd like to hear how you think you get around the search-to-searchable business, if it's not waived.  And my first point is one Your Honor raised yourself in your questioning of opposing counsel, which is the issue is shared between all the class members. If searchability is not enough to establish a cause of action under Section 344, the entire class loses their claims. Right? It is a merit. But so he — so his answer to that was the named plaintiff claims to have been searched. So it seems actually like some of the people in the class maybe are asserting a searched claim and don't just lose if it has to have been searched. What's your response to that? That is what we wrote in our complaint. But that's not now the class that we're proceeding on behalf of. We're not proceeding on behalf of a class of people who were actually searched. And by the way, I want to be very precise on the reason for that. The reason is because they won on summary judgment against an earlier named plaintiff who had been searched for, or at least we allege they had been searched for. They were in possession of the records of whether they searched. They argued on statute of limitations ground that that person's claim was out because the time of that display was before the relevant — sorry, because the time of the publication was before the relevant limitations period, even though the display had occurred within it. Judge Chen bought that argument. And which led him to buy the other argument. Correct. It's a logical implication. If the cause of action under Section 344, as opposing counsel successfully argued before the district court, arises at the time of publication, then it can't be that you don't have a cause of action when the publication has occurred, right? I don't know that it can't be. I don't think we need — and the real question is do we need to decide that? No, you don't need to decide that. Can we go back to — okay. So you say now your named plaintiff claims to have been searched, but that doesn't matter. You're trying to proceed on a class of just people who are searchable. And therefore, if it turns out they have to have been searched, you're saying you lose. Yes. Our class claims would fail on the merits if that were the case, yes. And so is there some, like, ethical conflict or something? Like, what happens with the people, including your named plaintiff, who say they were searched within this class? And how do we deal with those people if you now are losing on behalf of them? They would have their own independent claim. I mean, we — very practically, what we do is go find — is go talk to people. Well, it would be hard for us, right? Because they are actually in possession of all the data about who's been viewed. That's part of the puzzle here, right? You might have been viewed. I might have been viewed. I don't know. They don't disclose that, and they've been real cagey about disclosing it in this litigation for reasons you might imagine. But very practically, those people who had been searched would still have viable claims. They can go — But there's a separate claim that says, I was a member of this class because I was searchable. But that class lost, but I was actually searched. Yeah. And I don't want to get into the details of whether tolling would apply, but probably it would. They would have told during the time that this class was certified, and they can go bring their own claim. But the other — go ahead. The class of people searched is logically a subset of the class of people searchable. So why wouldn't they be estopped? Like, why wouldn't there be a problem? Because they would have been in the class that tried to bring this claim and somehow lost. I don't know. I'm not totally sure why they could succeed at that point. They would have had a claim they'd lost against the dependent. Yes, but they would have lost on grounds that don't apply to them, right? They would have lost on the ground that — we're walking down a hypothetical, right? Well, it applies to them because they were both searched and searchable. So they were part of the class because they were searchable. Yes. But if the ruling at the class stage is we lose on liability because you have to have been searched, right, then they can come back and bring a claim and say, well, I was searched. Now I have a claim. We have a new understanding. Just maybe no. We really don't have briefing on that question. But what about the — as I understood your opponent's argument, it was that even if what you're saying is right, i.e., we don't — we shouldn't be looking at the merits. The district court did, in fact, look at the merits. And that was part of his reasoning in certifying the class. And we have — since it's an abuse of discretion standard, he abused his discretion to that degree, and we need to — we can't approve it on this basis. Your Honor, the judge's mention of this issue was simply in referring back to an earlier ruling he had already made. Right. As I read the decision, he had already made that ruling. He's not saying the class certification decision now depends on my evaluation of that issue. He's just quoting his earlier — his earlier ruling. So it does not form a part of his Rule 23 decision, which is what you all are here to consider. Well, if we thought otherwise, and I don't know whether I do, there would be two options. One is to review it on the basis that he determined it, i.e., to review essentially the merits of the motion to dismiss, or to remand the whole thing. Is that right? Or could we go and talk about, on some harmless error basis, that he was right, whether — that he didn't abuse his discretion even if he considered the merits incorrectly? Your Honor, I don't think he could — well, okay. So you're asking me to assume that you've — that you are — you have already decided that Judge Chen was wrong, and considered — Not wrong in the merits, but wrong to have considered the merits. Wrong to have considered the merits. I'm struggling with that because I don't understand how that could be the case. But if you did — Well, he might have said the kind of thing I was trying to ask. Like, he might have thought, well, it's going to be a good class whether it's searched or searchable, so I don't have to decide that. So I'm certifying the class. But it doesn't seem like that's what he did. It seems like he instead said, I can certify the class because the answer is searchable. Because he had already found that answer.  So that was a premise — On the basis of their argument. But, okay, whatever. But a premise of his — I think it's fair to say that a premise of his class certification analysis was that we're proceeding under a statute that needs searchable, not searched. I'm not sure I would fully agree for the reasons we already discussed. We would lose this on a class-wide basis if we lose on that legal point. But he was assuming you were winning on it. That's my point. He was only thinking about, couldn't we certify a class where the claim is searchable? I agree with that. That's what the opinion shows. That doesn't mean that it was a logical underpinning of the certification. Well, he didn't think about what are we going to do with this problem of searched and the people who might have been searched and whatever. He didn't talk about that because he thought it didn't matter, right? That's correct. It didn't matter for purposes of class certification because everyone in the class is in the same situation. But he thought that because he had already interpreted the statute on the merits as not required. Again, based on their argument that they prevailed on. Well, okay, when? Maybe I need to ask one more. Do you want to, and I think you did in your brief, defend the merits question? Why is searchable the right answer? Well, there's several reasons. First, we have several district courts that have lined up along the finding. Okay, but why? Why is it right? Because we don't care if they did it right. Let's start there. What does it say? It says commercial use of someone's name and likeness. And it doesn't say that the commercial use has to be viewing by a third party. Furthermore, the focus of the court. I should say that I have serious problems with the merits of this. How are you using somebody's identity if you're not, it's sitting on your website, but you're not doing anything with it unless and until somebody asks for that person? Your Honor, they are doing something with it. They have published web pages that have these individuals' names and photographs on them. Right now, there are URLs that have the names and photographs. Published in the sense that they exist on their website. Correct. In the same sense that if they had bought a newspaper and put it on the street in one of those bins that you can pull a newspaper out of, they are commercially using that image that they're showing on the front of the newspaper, whether or not someone wants that. But they were showing an image on the front of the newspaper. That's the whole point here, is that their premise is that all they're showing on the front of their website is that we have the class of 1966 from East Meadow High School, that's where I went, 62 actually, on our website. That's what they're publicizing. They're not publicizing me. Well, they're publicizing a search bar where you can search for anyone, including for members of the class of 1960. I'm sorry, I forgot the name of the class. That's what they're publicizing. And yes, our theory is that it's a commercial use. Isn't the analogy more like the front of the newspaper says I've got pictures inside and the person's on page 8? So why, how are they using your page 8 picture to sell the newspaper if they can't see it through the screen? That's very concrete. If you're, we have two types of users, but I'm going to simplify. In both cases, if you look through enough photographs, you get hit with a paywall that says to keep doing this, buy a subscription for, I forget, last time I looked it was $2.99 a month. So the. But this isn't even what the newspaper hypothetical, because they're not even saying I have a picture of, you know, Joe Smith on page 8. Go look at page 8. They're not saying they have a picture of anybody in particular. They're just saying we have the class of 1962 at East Meadow High School. I disagree, Your Honor. I think the way modern promotion of anything on the Internet works is often in response to a search. If you type someone's name into an Internet browser, it's likely classmates.com's link to their result is going to pop up. That's how things get promoted today. But that's where this parade of horribles comes from, right? Where they then say, I don't know if it's horrible, but, you know, then Google is going to be responsible for everything you can search for. Well, if Google had. When you search Google, you know, and you come up with images and you look at people's photos or you search your name and you find whatever you find, then everything that Google leads you to becomes a California privacy problem. I wouldn't say that, Your Honor. There's a big distinction, which is so one. Well, two distinctions. One, the search results on classmates.com are tied to a specific person. When you type in their name, you're going to get results about that person and they're very. And that's true about Google, too. Yes. The difference is in Google, you're not going to get hit with a paywall after, you know, page two. Well, but they're going to make money. Because we have more information about this person. They're still going to make money on you by having the ad on the side. That's fair, but that would be a looser, a much looser connection to a commercial use and a commercial purpose than the one that happens here, which is here. You've hit a paywall. You want to see more photographs of person X, you got to pay. What do you think is going to happen with the identifying how many people are in the class and when, if they think that there's this problem of multiple people with the same names or people who actually aren't in there? Like, how are we going to figure out or might have consented? How are we going to resolve these back disputes that they say would happen after judgment? Do you have a theory of how this could happen before judgment? Yes, Your Honor. It could happen through summary judgment in many cases. So many of the issues that they've that they've raised could be resolved in summary judgment. But let me ask the specific issue you're most worried about so I can answer. I mean, pick any of them. Pick any fact dispute that they say needs needs a jury to determine. And they say and I think you were saying they could just be done by affidavit. Can you explain how it would happen before judgment if there's going to be some affidavit? Sure. So one issue is whether and the one that I think opposing counsel spent the most time talking about is whether the particular individual who's making a claim for damages registered an account on classmates.com at some point. And they're right, by the way. A lot of people use classmates.com 10 years ago and forgot about it. And so there's going to need to be approved upstage to verify that. But actually, the point they made is the one I would point to, that they've already done that in this case. Several of our named plaintiffs have been knocked out because they came and said, hey, we have this person's name and email address in our records as having registered for a classmates.com account 10 years ago. And our named plaintiff said, okay, I see that. I didn't remember that, but I see that now. But what happens if your person says someone used my name by mistake? I mean, I never did that. And now we've got a fact dispute. We would have a fact dispute in that case. And then the issue, as in all class actions, is whether those fact disputes are so significant that they would overwhelm the predominant. But the issue on the case, as the case law describes it, is whether there was a winnowing plan. Was there a winnowing plan here? A winnowing plan. In other words, did Judge Chen explain how he was going to do this? Yes. He did so by reference to Briseno, which used affidavits in a much similar way. And, in fact, in Briseno, there was less information available to test the claims of the people who said by affidavit that they had purchased the product. But there there was this pool. I mean, so there the amount of damages was going to be known ahead. So here they're saying because it's not like that, it has to be done before the judgment. So I'm wondering what the plan would be. I don't think Briseno said it always has to be the way it was in that case, but so how would it work if it's not that way? I would agree, Your Honor, that the only distinction that opposing counsel have managed to make between this case and Briseno is whether the total amount of damages can be known at the time of final judgment. And they misread Briseno to say that that's a requirement.  Right. So say it's not a requirement, but it still has to be worked out somehow. So how are you going to work it out? Two things. First and foremost, we have an estimate of the class size. We have expert testimony that's used sampling and statistical methods. They have an expert on their side they use to challenge it to estimate what the size of the class is after taking into account the exclusions for those who had registered accounts on classmates.com. We can use statistics to do that. That's a method the Supreme Court itself endorsed in the Tyson case, which we cited in our briefing. And what about this searchable business where it's going to be people more than one name of the same person? I'm sorry, more than one person with the same name. Yes. Well, our expert reports actually already take that into account. You can use sampling for that as well. So you can get to an accurate and fundamentally challengeable by them estimate of the aggregate liability before you even go into the proof upstage. So even if it were a due process requirement that they noted. I mean, you might get an estimate of the class, but it's not going to be exact. And also, like any given Joe Smith, how do they know if they get the $750? So with respect to the latter question, they submit a claim. They go on the website. They search for themselves. If they see their own name, photograph, year, school. Okay, but now you went back to photograph, but before we were going to say you can't use the photograph.  I'll take photograph out of that statement. If they see their own name. Well, the question is, is it them? Is it recognizable as them? So the class definition is they got to have the name match and the year and the school, right? But in the moment, if I'm looking at the result and it has a photograph and I'm the one making the claim, I'm for sure going to be able to check that photograph when I put in the affidavit and say, yep, that's me. And then people can actually have the chance to challenge that, including, you know, matching their name against their database of subscribers. We ask for an e-mail as well because they take e-mails from subscribers when the subscription occurs. And I'm sorry, did I address your original question or not? I'm not sure you did. I mean, if your way that you're going to get the total amount of damages before judgment is some estimate of how many people are going to be able to file these affidavits and then some different number does, what happens then? That's no different from a — there's a vast — there's no requirement in class action law that the final liability be known at some early stage in the case. It happens all the time that we do class actions where the total number of class members isn't known. It's estimated. Again, Tyson — But also, even if you know the class — even if you can estimate the number of class So whatever number you come up with is going to be a high-end number? Probably, yes, because claims rates are what they are. That's fair. And that's another sense in which their due process rights are preserved here. But in a sense — in essence, their rule would penalize this class action for having more certainty than the typical class action. Why? Because here we have statutory minimum damages. We have $750 for each person who submits a claim. We know that ahead of time they have that level of certainty. That's actually more certainty than you get in most class actions with the amount of damages. Because once you know who the people are, that's it. You don't have to do anything else. Correct. Right? So their position is like knowing who the people are is — or knowing who the people are is more important, but here we know what the damages are going to be on a per-person basis. That's more certainty than you get — than you got in Tyson, certainly, where both of those elements were unknown. Both the amount of time people had spent donning and doffing and the precise number of people in the class were both unknown and certification was affirmed by the Supreme Court. Let's go to rebuttal. Okay. You're over your time. Thank you. Let's put three minutes on the clock for rebuttal.  So, Your Honor, I appreciate the time and I will be brief. I want to make four points. First, Judge Friedland, I think that the question about whether you need — you can and need to address searchability was addressed with your colloquy with my colleague. He said that the district court never reached the question of whether you could certify a search class, that he thought it didn't matter. His whole premise was that he was going to be correct on searchable, and so he didn't need to reach with search. And there's no doubt that if he had done that analysis, there would have been no predominance. I think also counsel said that although he kept — But he said that the claims that he searched are also searchable. So they're in the class. So what's the problem? The problem is, Your Honor, that if we're right and that's not enough, they can't certify the other class. And, Your Honor, Judge Friedland, if I could, like, he said, oh, the entire class loses. But what he made clear is not that the entire class loses. It's that you couldn't certify the class. And, of course, he can't say the class loses because his own plaintiff would lose and because he can't give away the stronger claims searched to save the weaker claims. So that's the first rebuttal point. I think there could be a later lawsuit, but I don't know if I'm persuaded by that. I think it's exactly right. So I just think your colloquy with him proved our point. Second, I don't want to get too much into the merits. Judge Berzon, I don't know if you were asking the questions, but your questions would have been things I would have said without the question mark. So on the question of use 3344, the argument just cannot stand. I just want to make crystal clear when he says, and the way the district court said these are published, what they meant was they are on the database. If you type in Ian Gershengorn, it will create something and return it. It is not published in a newspaper sense. It hasn't been put out. It's not in a box. It's a search just like Google. Third, like, we could talk a lot about the expert, and I have responses. This is not Tyson's. This is Walmart. This isn't something an individual plaintiff could say. Oh, it's statistically likely that I'm readily identifiable. But my main point here, this third point, is this is not how you do a winnowing plan. It is not you asking plaintiffs' counsel, while we sit here, how should this be done? This is what Vann says the district court had to do.  But I thought he did, essentially. I don't think he did, Your Honor. And I think the fact that plaintiffs' counsel couldn't answer those basic questions about what would this look like shows that that plan never happened. And, Your Honor, you can look. Look, we're both reading the same. It wasn't called a plan. I mean, he did say you can get affidavits and then you can check against the base. We don't know what those affidavits would say, when they would come, what they would do, all of the questions. All of the questions that Judge Friedland was asking, this is not how you do a winnowing plan. And then I'd like to make, I know my time is short, I want to make one last point on LabCorp. So LabCorp, I agree. First, it may get digged. Second, if the Court rules that this class can go forward, then what LabCorp says may be deeply relevant, because what LabCorp is addressing is whether under Rule 23 or Article III, you can have a class that has a lot of people, more than a diminished number of people, without standing. If you let this class go forward and rule against us on or don't decide. And why do you think they don't have standing? I think they don't have standing because we don't think people under TransUnion who are sitting in a database and are never searched have Article III standing. You've never argued that. So, Your Honor, first of all, if it's Article III. I understand, but you have never argued it. We haven't, but we've made the same arguments through our statutory lens. And under this Court's precedent prior to LabCorp, which is why the Supreme Court granted LabCorp, the argument was not available to us, right? The circuit precedent foreclosed it, which is why the Supreme Court granted cert.  And if it ends up — well, it wasn't why, actually, because —  Excuse me. Because the issue in LabCorp was assuming that some people in the class don't have standing. Is that a problem? Yes, Your Honor. If they hold as a matter of Article III that you can't go forward with such a class, then the Court would have to address it, because this could not go forward. The Court literally wouldn't have jurisdiction. And we would submit that if the Court said as a matter of — Something just went wrong with the microphone. I don't know why. I'm sorry, Your Honor. Can you hear me now? Well, go ahead. But there is something wrong. I'm sorry. Should I — It's not your fault. Go ahead. Okay. So if the Court holds as a matter of Article III, which I don't think they will, then the Court would have to address it. But if they held as a matter of Rule 23 that you couldn't have more than a diminished number of people with Article III standing, which is what the Solicitor General argued, so if they adopt the Solicitor General's view, then this class, we think, could not go forward. And that would be a change in Ninth Circuit law. And so we would be entitled, I think, to brief that. So if the Court rules against us — Would that be — so you're — I mean, you didn't argue any of this. And you certainly didn't argue it as a matter of Rule 23. Your Honor, I have to agree with that. But as the LabCorp decision shows, that was foreclosed by Circuit case law. So, like, it's not something we could have put forward in good faith. We could have dropped a footnote to say we're preserving it for the Supreme Court. Our question right now is should we wait for the LabCorp decision? So, Your Honor, I think as a practical matter, the LabCorp decision is going to come down by July 1. And I don't know how quickly you're going to move, but I argued a case in December we're still waiting for. So my guess is July 1 is not going to be — so I think you should wait for LabCorp. LabCorp could shed light both on the Article III question, but also it may say some stuff that resonates or implicates the Vann kind of issues about how you think about classes that have people who can and can't win. The focus is on Article III. So I think you should — if the answer is should you decide in the next two weeks, I would say no. I mean, my only guess is that you've probably forfeited any issue under Rule 23. So, Your Honor, we'd love it — But there still would be — might be a backup Article III issue. Yes, for sure. And I guess all I would like is — I mean, if and when the Court — if the Court doesn't dig, which is certainly a possibility that they will, but if they don't dig, we would like the chance to brief it. And just to plant in your head, Judge Berzon, this notion that, yes, we didn't argue it, but it was foreclosed by circuit precedent, I think that's quite a high standard to hold us to. I'm sorry, I didn't hear that. I said just to plant a seed in your head, if the Court ends up ruling on the Rule 23 issue, I think it would be quite harsh to hold it against us for not raising it because it was foreclosed by circuit precedent. And so, like, for us to preserve everything that's foreclosed by circuit precedent — But the people in LabCorp seem to have raised it. Excuse me? The people in LabCorp raised it. So the people — I don't — I actually haven't gone back to look at the LabCorp briefing. I think there's some question about what they preserved and what they didn't. But I take Your Honor's point. We just ask for the chance to brief it. Thank you. You've been very generous. I appreciate the extra time. Thank you. Thank you, both sides, for the helpful arguments. This case is submitted, and we are adjourned. All rise. If there's more for discussion, stand adjourned.
judges: BERZON, FRIEDLAND, MENDOZA